**SO ORDERED.**

**SIGNED this 04th day of April, 2008.**

_____
**LEIF M. CLARK**
**UNITED STATES BANKRUPTCY JUDGE**
_____

# United States Bankruptcy Court

**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| ALDWIN DWIGHT PARKS & ERIKA PARKS | 08-50334-C |
| *DEBTORS* | CHAPTER 13 |

## MEMORANDUM DECISION AND ORDER GRANTING SUMMARY DISMISSAL

CAME ON for consideration the foregoing matter. The chapter 13 trustee moved for summary dismissal of this case because the debtors did not appear at the first meeting of creditors. A response was filed by Michael G. Panzarella, debtors' counsel. The court writes to address the contentions made in the response.

The court's standing order relating to chapter 13 practice authorizes the trustee to seek a summary dismissal of the case if the debtor fails to appear at the first meeting of creditors. The first meeting is statutorily mandated, and the debtor must appear, by statute. *See* 11 U.S.C. §§ 341, 343. The standing order effectuates that requirement, and the Notice of First Meeting clearly states that the failure to attend can result in summary dismissal. The summary dismissal process is designed to compel compliance with a statutorily mandated duty and to minimize costs of administration

relative to that enforcement.  There are very few grounds for contesting summary dismissal, given the clarity of the statutory duty.  For example, if a debtor is unable to attend, it is incumbent on the debtor or her attorney to seek continuance of the meeting *before* the scheduled hearing.  The court will not entertain excuses urged after the fact.

There is one exception to the general rule, however.  If the debtor has been denied due process, then summary dismissal would not be appropriate.  The debtors here, through their attorney, seek to raise just such a defense.  Mr. Panzarella responds to the motion for summary dismissal, stating that he did not know of the first meeting setting because the notice was sent to the wrong address for Mr. Panzarella.  He adds that he was on vacation during the week when the first meeting was scheduled – and had he known when the first meeting was scheduled he would certainly have sought a rescheduling for that reason alone.

Mr. Panzarella says that the chapter 13 trustee's certificate of service shows that the 341 notice was sent to 13750 US 281 North, # 700, San Antonio, Texas 78232.  He says his correct address is 1314 E. Sonterra Blvd, Suite 401, San Antonio, Texas 78258.  That, he says, explains why he did not get notice, such that summary dismissal would be wrong.

But Mr. Panzarella's signature block on this very pleading (*i.e.*, the response to the motion for summary dismissal) shows his address to be 13750 US 281 North, # 700, San Antonio, Texas 78232.  That alone undercuts both the credibility and the *bona fides* of the response.

And it gets worse.  The Order Combined with Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines [Doc. #6] is sent to all creditors and parties in interest, including the debtors and the debtors' attorney by the Bankruptcy Noticing Center.  The certificate of notice [Doc. #7] shows that notice was sent by first class mail to both the debtors, at the address they list in their bankruptcy filing, *and to Mr. Panzarella – at the East Sonterra address he claims in this*

*response to be his "correct address."*

> The Fifth Circuit, with regard to due process, has this to say:

> Due process requires that a party with [a protectable interest] be sent notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the ... action and afford them an opportunity to present their objections." *Id.* Actual notice is not required. *Dusenbery v. United States*, 534 U.S. 161, 170, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002). In the instant case the government presented evidence that notice of the administrative forfeiture of $7,760 was sent to the jail where Bailey was housed and to the address he gave at his arrest and that it was received at both locations. Bailey offers no evidence that such notice was not sent other than his bare claim that he did not receive it until December of 2001. Under all the circumstances, the government's written notice was reasonably calculated to provide Bailey with notice and there was no due process violation arising out of the forfeiture.

*Bailey v. U.S.*, 508 F.3d 736, 738-39 (5th Cir. 2007). By that standard, due process was give to the debtors in this case. Firstly, the notice was sent to the *debtors*, not just to their lawyer. There is no contention here that the *debtors* did not get the notice, nor is there any explanation why the debtors did not contact their attorney when they received the notice. Secondly, the notice was sent to the attorney for the debtors at the address he now maintains is his correct address – the address on East Sonterra Blvd. The BNC certificate of service clearly establishes that. Thirdly, Mr. Panzarella was notified by electronic mail of the filing of the first meeting notice the same day that it was filed – as the certificate of the clerk attests. Email notification is technically sufficient notice under the Local Rule relating to Administrative Procedures for Electronic Case Filing.

The court attends to an otherwise open and shut matter solely to remind counsel that, as an officer of the court, he is obligated under the Disciplinary Rules of Professional Conduct not to mislead the court. *See* Rule 3.03, Candor Toward the Tribunal, Tex. Disc. Rules of Prof. Conduct. In this case, it is uncertain whether Mr. Panzarella was intentional in his lack of candor or simply careless. The rule only proscribes knowing lack of candor regarding statements of material fact or law. Yet even careless lack of candor can mislead a court and cause unnecessary confusion. And

because it is so difficult to tease out *scienter* (no lawyer will readily admit to knowingly misleading a court, whether they did so or not), the lack of candor taints the reputation of the lawyer involved by leaving a question in the court's mind about the lawyer's motives.  Counsel is admonished to take greater care with his allegations in the future to avoid damaging his reputation for candor.

The motion for summary dismissal is granted, and the chapter 13 trustee is discharged of his duties in this case.  The court elects to take no further action with regard to the lawyer's response beyond the comments in this memorandum decision.

# # #